UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DEPAZ, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 11-3361-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER |

**PROCEEDINGS**

On April 26, 2011, Maria Depaz ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability and Disability Insurance benefits. The Commissioner filed an Answer on July 28, 2011. On October 5, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 58 year old female who applied for Social Security Disability and Disability Insurance benefits on November 9, 2008, alleging disability beginning September 20, 1999, due to neck problems, carpal tunnel syndrome, tennis elbow, and anxiety. (AR 18.) Plaintiff has not engaged in substantial gainful activity during the period from her alleged onset date through her date last insured of June 30, 2005. (AR 20.)

Plaintiff's claim was denied initially on December 30, 2008, and on reconsideration on March 2, 2009. (AR 18.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Edward C. Graham on February 3, 2010, in Palmdale, California. (AR 29-49.) Claimant appeared and testified with the assistance of a professional Spanish interpreter. (AR 18.) Vocational expert ("VE") Randy Langford-Hetrick and Claimant's husband, Jose Depaz, also appeared and testified at the hearing. (AR 18.) Plaintiff was represented by counsel. (AR 18.)

The ALJ issued an unfavorable decision on February 24, 2010. (AR 18-25.) The Appeals Council denied review on March 2, 2011. (AR 1-7.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the ALJ properly developed the record.

2. Whether the ALJ properly evaluated Plaintiff's mental impairment and resulting functional limitations as required by 20 C.F.R. § 404.1520a.

3. Whether the ALJ properly considered the residual functional capacity.

4. Whether the ALJ posed a complete hypothetical question to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d

3

1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 20, 1999, the alleged onset date, through her date last insured of June 30, 2005. (AR 20.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: mild bilateral carpal tunnel syndrome and mild right cubital tunnel syndrome. (AR 20. )

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 20.)

The ALJ then found that the Plaintiff had the RFC to perform light unskilled occupations, with the following limitations:

> to lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, occasional climbing, balancing, stooping, kneeling, crouching and crawling, and no repetitive fine manipulation with the bilateral upper extremities.

(AR 21, 24.) In determining this RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's symptoms are inconsistent with the above RFC. (AR 23.) Significantly, Plaintiff does not challenge the ALJ's adverse credibility determination.

At step four, the ALJ found that Plaintiff is unable to perform any of her past relevant work. (AR 23.) The ALJ, however, did find there were other jobs existing in significant numbers in the national economy that Plaintiff can perform, including cleaner, sales attendant, X-ray inspector and shoe packer. (AR 24.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 25.)

**DISCUSSION**

The ALJ decision must be affirmed. All of Plaintiff's claims relate to her alleged anxiety disorder. The ALJ properly determined that there was no evidence of any mental impairment. There was no ambiguity in the record. The ALJ properly omitted any mental limitations from his RFC and from the hypothetical questions posed to the vocational expert.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

### I. THE ALJ PROPERLY CONSIDERED PLAINTIFF'S ALLEGED MENTAL IMPAIRMENT

Plaintiff Depaz suffered work-related physical impairments to her hands, upper extremities and hands. (AR 236, 250.) She underwent left carpal tunnel surgery in 1999. (AR 241, 250.) She underwent right carpal tunnel release in 2000. (AR 21, 255.) Almost all of the medical evidence of record concerns Plaintiff's orthopedic impairments and related pain.

In one of Plaintiff's Disability Reports, she mentions "anxiety disorder" as a reason she cannot work (AR 132), but without any explanation or elaboration or submission of any supporting medical evidence. Plaintiff also points to a March 12, 2003, evaluation by Agreed Medical Examiner Dr. Steven Brourman (AR 249-259), prepared for her workmen's compensation claim, that includes conflicting psychiatric reports. (AR 255.) Dr. Brourman's review of medical records indicates a psychiatric evaluation by Dr. Herbert Marshak on May 22, 2000. (AR 255.) Dr. Marshak diagnosed Plaintiff "with anxiety disorder, moderate/severe psychosocial stressors, and GAF 50. She was recommended psychotherapy, stress management, behavioral pain reduction and relaxation techniques." (AR 255.) Dr. Brourman also reports a psychiatric evaluation by Dr. Noel Lustig on June 1, 2000. (AR 255.) Dr. Lustig diagnosed Plaintiff "with malingering, no evidence of psychiatric disorder, character disorder; headaches and injuries to the arms and hands, shoulder and back. There was no work function impairment." (AR 255.)

The ALJ found insufficient evidence of a medically determinable mental impairment. (AR 22-23.) Plaintiff challenges this finding on the evidence above. The Court finds no merit in Plaintiff's arguments.

### A. The Record Was Not Ambiguous Or Inadequate

Seizing on the stark conflict between the psychiatric evaluations of Dr. Marshak and Dr. Lustig, Plaintiff's first argument is that the record was ambiguous and inadequate to allow for a proper evaluation of Plaintiff's alleged mental impairment. Plaintiff asserts that the ALJ failed in his duty to develop the record properly. The Court disagrees.

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the Claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 441, 443 (9th Cir. 1983). Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

The ALJ twice noted that there was no record or evidence of mental health treatment prior to the date last insured. (AR 22, 23.) This finding is supported by substantial evidence. Plaintiff did not indicate in her Disability Report she had sought or received any mental health treatment. (AR 135-136.) She did not indicate that she was taking any medication for the alleged anxiety disorder. (AR 138.) She denied to Dr. Brourman any emotional or psychiatric problems. (AR 252.) She reported that she is able to handle stressful situations and changes in routine. (AR 146.) She did not mention anxiety disorder or mental impairments at the hearing. (AR 29-49.) Two State reviewing physicians, Dr. Mallare and Dr. Brooks, filed Psychiatric Review Technique forms finding insufficient evidence of any mental impairment because of no medical evidence of record regarding anxiety/fear/depression. (AR 324, 336, 345, 355.)

Plaintiff challenges the ALJ's finding of no record or evidence of mental health treatment as a misrepresentation of the evidence, based on the conflicting evaluations of Dr. Marshak and Dr. Lustig.  Yet Dr. Marshak and Dr. Lustig only provided evaluations; Dr. Brourman's notes describing those evaluations do not indicate that either Dr. Marshak or Dr. Lustig provided any mental health treatment to Plaintiff.  The ALJ's interpretation of the evidence was reasonable.  Rollins, 261 F.3d at 857 (ALJ's interpretation of the evidence should not be second-guessed if it is reasonable).  There was no misrepresentation of the evidence.

The ALJ also made an adverse credibility determination to the extent Plaintiff's subjective symptoms are inconsistent with the assessed RFC.  (AR 23.)  Specifically, the ALJ noted Dr. Lustig's opinion that Plaintiff was malingering.  (AR 23, 255.)  The ALJ additionally noted that Qualified Medical Examiner Dr. Alan Sanders, an orthopedist, found minimal, inconsistent effort, no indication for work restrictions and no further treatment necessary.  (AR 23, 257.)  Dr. Brourman noted that Plaintiff made no effort to grasp with the Jamar Dynamometer.  (AR 245.)    Significantly, Plaintiff does not challenge the ALJ's negative credibility determination.

The record here was not ambiguous or inadequate for the ALJ to make a determination that there was insufficient evidence of a medically determinable mental impairment.  Although there was a conflict in the record between Dr. Marshak and Dr. Lustig, the ALJ reasonably relied on the lack of any evidence of mental health treatment and his adverse credibility determination (which Plaintiff does not contest) to arrive at his finding.  There is no basis to second-guess the ALJ's determination, and no duty to inquire further.

### B. The ALJ Was Not Required To Rate The Severity Of Plaintiff's Alleged Mental Impairment

Based on the assumption that Plaintiff had a medically determinable severe mental impairment, she alleges that the ALJ did not follow the "special technique" for evaluating the severity of mental impairments set forth in 20 C.F.R. 404.1520a.  Under this regulation, the ALJ must rate the degree of limitation for any mental impairment in three functional areas (activities of daily living, social functioning and concentration, persistence or pace) as none,

mild, moderate, marked, or extreme. 20 C.F.R. 404.1520a(c)(4). The regulation further provides that the ALJ will determine if there were episodes of decompensation. Id. Plaintiff alleges that the ALJ's decision does not contain any rating of Plaintiff's functional limitations resulting from her alleged mental impairment.

The regulation, however, is inapplicable here. The ALJ determined at step two of the sequential process that there was insufficient evidence of any medically determinable mental impairment, severe or otherwise. (AR 20, 22-23.) Thus, there was no need to rate the severity of Plaintiff's alleged mental impairment of anxiety disorder. Section 1520a(b)(1) plainly states that "we must first evaluate your pertinent symptoms, signs and laboratory findings to determine whether you have a medically determinable mental impairment(s)." Section 1520a(b)(2) then says, "We must then rate the degree of functional limitation resulting from the impairment(s) in accordance with Paragraph (c) of this section," which contain the assessment of functional limitations for a mental impairment invoked by Plaintiff here. Because Plaintiff failed to prove a medically determinable mental impairment, the ALJ plainly was not required to rate the severity of an impairment found not to exist. There was no error.

### C. The ALJ's RFC Is Supported By Substantial Evidence

Plaintiff alleges that the ALJ's RFC is erroneous because it omits any mental limitations. Plaintiff's argument assumes that she has significant mental impairments and that the ALJ failed to develop the record properly as to those mental impairments. Plaintiff specifically invokes SSR 96-8p which requires the ALJ in determining a claimant's RFC to explain how inconsistencies in the medical evidence were resolved. Plaintiff alleges that the ALJ decision fails to resolve the inconsistency between the psychiatric evaluations of Dr. Marshak and Dr. Lustig.

Plaintiff's argument, however, fails to consider the entirety of the record. As the Court already has held, the ALJ reasonably relied on the lack of any medical treatment for her alleged anxiety disorder and his adverse credibility determination in determining that Plaintiff had not proven any medically determinable mental impairment. The Court also ruled above

that, based on these considerations, the record was neither ambiguous nor inadequate and that the ALJ had no duty to inquire further.

Because the ALJ properly found that there was no evidence Plaintiff had a mental impairment, the ALJ had no reason to include mental functional limitations in his RFC for Plaintiff. SSR 96-8p specially provides, "[I]n assessing RFC, the adjudicator must consider only limitations and restrictions attributable to medically determinable impairments." There was no error.

### D. The ALJ Posed A Complete Hypothetical Question To The VE

Plaintiff's last argument is that the ALJ's hypothetical question to the VE improperly omitted any mental limitations or restrictions. Again, Plaintiff's argument is premised on her previous contentions that the ALJ failed to develop the record properly and to assess her mental impairments properly. Again, her argument is foreclosed by the Court's previous rulings.

The Ninth Circuit requires that an ALJ's hypothetical questions to a VE include all of a claimant's limitations. Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988). An ALJ's hypothetical question, however, need not include limitations that are unsubstantiated by objective medical evidence or based on subjective complaints properly discounted. Thomas, 278 F.3d 959-60; Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001.) Here, the ALJ properly found no evidence of a medically determinable mental impairment and thus had no basis for incorporating mental limitations into this RFC for an impairment found not to exist. The ALJ did not err in omitting mental impairments from his RFC.

### E. Summary

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: December 27, 2011                    */s/ John E. McDermott*
                                                                              JOHN E. MCDERMOTT
                                                                   UNITED STATES MAGISTRATE JUDGE